UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAYLOR FARMS CALIFORNIA, et al.,

    Plaintiffs,

  v.

JC PRODUCE, LLC,

    Defendant.

_____/

NO. CIV. S-08-2657 LKK/GGH

O R D E R

Pending before the court is defendant JC Produce's motions for resolution of disputed PACA claims by Chong's Produce and the California Growers Collaborative, currently set to be heard on August 31, 2009. The court resolves the motions on the papers. For the reasons stated herein, the court concludes that the claims asserted by Chong's Produce and California Growers Collaborative are not entitled to funds from the PACA trust.

### I. BACKGROUND AND FACTS

This action arises under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a-499t. Plaintiffs are

1

asserted sellers of produce and defendant JC Produce is an asserted dealer of produce. PACA provides that if a produce dealer becomes insolvent, its suppliers are placed first in line for all "produce-related assets." <u>Frio Ice S.A. v. Sunfruit, Inc.</u>, 918 F.2d 154, 156 (11th Cir. 1990); 7 U.S.C. § 499e(c). Ordinary trust principles apply to the disbursement of funds from the trust. <u>Sunkist Growers, Inc. v. Fisher</u>, 104 F.3d 280, 282 (9th Cir. 1997).

Plaintiffs filed this action in November 2008. In January 2009, the court approved a stipulation for establishment of a procedure for resolving claims against defendant JC Produce asserted under PACA. According to the order, the procedure is as follows: Defendant JC Produce deposited all of its payments from its accounts receivable into a Bank of America PACA trust account. JC Produce then created a list of all sellers and suppliers who it believed might claim a portion of the PACA trust and, based on JC Produce's review of its records, how much that claim would likely be. <u>See</u> Order, Jan. 27, 2009; Mem. of P. & A. In Support of Stipulation to Establish PACA Trust Claims Determination and Distribution Procedures, at 8-9 & Ex. A.

JC Produce then sent all of the potential trust claimants a copy of the order setting forth the claims procedure, the list of potential trust claimants and JC Produce's estimation of the amount owed each, a Claim Amount Dispute Form, and notice of the trust disbursement process. If the claimant agreed with the amount stated JC Produce owed it, the claimant would automatically be sent that amount not later than February 5, 2009. If the claimant disputed

the amount, it was required to send JC Produce a completed Claim Amount Dispute Form so as to be received not later than January 27, 2009.[1]

Once a claim dispute form was filed, JC Produce and the claimant would attempt to resolve the dispute. If those attempts were unsuccessful, JC Produce would move the court to resolve the dispute, pending which JC Produce will retain the claimant's pro rata share of the trust. This claims process is underway currently, with the court having approved distributions to approximately thirty claimants.

In the instant motions, JC Produce seeks resolution of claims asserted by two parties, California Growers Collaborative and Chong's Produce, which defendant asserts are not entitled to funds from the PACA trust. Each claimant has been served, see Doc. Nos. 103 & 110, but neither has opposed defendant's motions.

## II. ANALYSIS

Under PACA, a supplier of produce has superior rights to other creditors of a dealer to which it has supplied produce. See 7 U.S.C. § 499e(c). The statute provides, however, that the supplier "shall lose the benefit of such trust unless a person has given written notice of intent to preserve the benefits of the trust to the . . . dealer . . . within thirty calendar days" of when payment is due. Id. Under the applicable regulations, this

---

[1] By order of the court, these dates were subsequently extended, so that disbursements would be made on February 16, 2009 and Claim Dispute Forms were due by February 9, 2009. Order, Jan. 28, 2009.

3

notice must be in writing, must state that it is a notice of intent to preserve PACA trust benefits and must also state for each shipment,

> (i) The names and addresses of the trust beneficiary, seller-supplier, commission merchant, or agent and the debtor, as applicable,
> (ii) The date of the transaction, commodity, invoice price, and terms of payment (if appropriate),
> (iii) The date of receipt of notice that a payment instrument has been dishonored (if appropriate), and
> iv) The amount past due and unpaid.

7 C.F.R. § 46.46.

Alternatively, the statute permits that certain PACA licensed sellers may simply state the following on their bills and invoices:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

7 U.S.C. § 499e(c)(4). The invoice also must state what period for payment has been agreed upon by the parties. Id.

Here, defendant has tendered evidence that neither California Growers Collaborative nor Chong's Produce complied with either notice requirement so as to preserve its superior rights to the PACA trust funds. Specifically, it has tendered copies of invoice forms it received from both claimants. Exhibits In Support of Motion (Doc. No. 102) Ex. A (invoices from California Growers Collaborative); Exhibits In Support of Motion (Doc. No. 109) Ex. B (invoices from Chong's Produce). None of these invoices contain the information required by 7 U.S.C. § 499e(c) or 7 C.F.R. § 46.46.

4

Neither California Growers Collaborative nor Chong's Produce have filed an opposition to defendant's motion.[2] Counsel for defendant has declared that it has received no subsequent communication from California Growers Collaborative in support of its claim to the PACA trust funds nor any evidence of the claimant having complied with § 499e(c). <u>See</u> Decl. of Michael Rubin In Support of Motion ("Rubin Decl.") ¶¶ 5, 7, 9. 11.

It appears from the exhibits tendered in support of defendant's motion regarding Chong's Produce that the latter's position is that it provided invoices to defendant containing the legend set forth in 7 U.S.C. § 499e(c)(4). Exhibits In Support of Motion (Doc. No. 109) Ex. A. These invoices were included as part of Chong's Produce's claim filed with defendant. <u>See id.</u> Defendant has tendered evidence, however, that these invoices are not the ones that it received. Instead, defendant has tendered copies of invoices that do not bear the § 499e(c)(4) legend nor any other notice of intent to preserve PACA rights. <u>See id.</u> Ex. B. These invoices bear marks of having been received, entered, and paid. <u>Id.</u> While not conclusive by any means, this evidence supports defendant's position sufficiently that it does not appear contrary to the law and facts tendered to the court to grant defendant's motion, in light of the claimant's failure to oppose.

---

[2] Defendant has filed correspondence between it and Chong's Produce as exhibits to its motion regarding that claimant. In the course of the correspondence, Andy Chong of Chong's Produce responded that it would bring suit against JC Produce, however it appears that no such suit has been filed in this district.

5

1   Finally, it appears that JC Produce attempted to resolve each
2   of these claims informally, as required by the January 27, 2009
3   order. <u>See</u> Exhibits In Support of Motion (Doc. No. 102) Ex. B-D;
4   Exhibits In Support of Motion (Doc. No. 109) Ex. C-J.

### III. CONCLUSION

6   For the reasons stated herein, defendant's motions (Doc. Nos.
7   97 & 104) are GRANTED. Claimants California Growers Collaborative
8   and Chong's Produce are not entitled to reimbursement from the PACA
9   trust for their claims of $2,600.05 and $2,154.50, respectively.
10   IT IS SO ORDERED.
11   DATED: August 26, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT