UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAYLOR FARMS CALIFORNIA,
et al.,

          Plaintiffs,

   v.

JC PRODUCE, LLC,

          Defendant.
_____/

NO. CIV. S-08-2657 LKK/GGH

O R D E R

Pending before the court is claimant Chong's Produce Inc.'s ("Chong's Produce") Motion for Reconsideration of this court's August 26, 2009 order that it is not entitled to reimbursement from the PACA trust. On July 22, 2009, defendant JC Produce, LLC ("JC Produce") filed a Motion for Determining Procedure for Disputed PACA Trust Claim Asserted by Chong's Produce. This motion was set for hearing on August 31, 2009. In this motion, JC Produce argued that Chong's Produce was not entitled to funds from the PACA trust. The notice of motion, which was served upon Chong's Produce, contained the following instructions:

1

> Notice of this Motion has been given pursuant to Rule 78-230(b), Local Rules of Practice for the United States Court, Eastern District of California. "Opposition, if any, to the granting of the motion shall be in writing and shall be filed with the Clerk not less than fourteen (14) days preceding the noticed (or continued) hearing date. . . ."

The notice warned that failure to attend the hearing may result in the court deciding that Chong's Produce did not "oppose the authorization sought in the Motion and may enter an order granting the request therein." Accordingly, Chong's Produce's opposition to JC Produce's motion was due on or before August 17, 2009. Chong's Produce, however, failed to file an opposition. Consequently, on August 26, 2009, the court granted JC Produce's motion on the papers and decided that Chong's Produce was not entitled to funds from the PACA trust in part because of Chong's Produce's failure to oppose.

On August 31, 2009, Andy Chong, on behalf of Chong's Produce, filed a letter dated August 25, 2009. This letter indicated that Andy Chong, the President of Chong's Produce, would not be able to attend the hearing because to do so he would have to shut down his company for the day. The letter included several exhibits, which Andy Chong argues demonstrate that Chong's Produce is entitled to money from the PACA fund. On September 8, 2009, the court construed this letter as a motion for reconsideration, and set forth that JC Produce's opposition shall be filed by September 18, 2009, and that Chong's Produce's reply, if any, shall be filed by September 25, 2009. JC Produce timely filed its opposition; Chong's Produce did not file a reply.

## I. STANDARD FOR A MOTION TO RECONSIDER

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60(b). Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment). The motion must be filed no later than ten days after entry of the judgment. See Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. A motion for reconsideration on any of these ground must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion may also be brought for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6).

1   Pursuant to Eastern District of California Local Rule
2 78-230(k), when a party asks for reconsideration of a order
3 granting or denying a motion, the party is to set forth the
4 material facts and circumstances surrounding each motion for
5 which reconsideration is sought, including:
6   (1) when and to what Judge or Magistrate Judge the prior
7 motion was made,
8   (2) what ruling, decision or order was made thereon,
9   (3) what new or different facts or circumstances are
10 claimed to exist which did not exist or were not shown upon such
11 prior motion, or what other grounds exist for the motion, and
12   (4) why the facts or circumstances were not shown at the
13 time of the prior motion.
14 L.R. 78-230(k).

## II. ANALYSIS

16   Chong's Produce failed to provide any justification for its
17 motion to reconsider. Specifically, its letter only explains
18 Andy Chong's inability to attend the hearing, and does not
19 address his failure to timely file an opposition to JC Produce's
20 motion. Moreover, Chong's Produce fails to explain how the
21 information supporting his motion to reconsider could not have
22 been obtained at the time of the motion. In fact, most, if not
23 all, of the documentation it attached, Chong's Produce had
24 previously sent to JC Produce concerning its initial claim for
25 PACA funds. Thus, in the absence of any justification to
26 ////

4

reconsider its August 26, 2009 order, Chong Produce's motion to reconsider is DENIED.[1]

IT IS SO ORDERED.

DATED: October 19, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] While this order is decided based upon Chong Produce's failure to provide any justification for its motion to reconsider, the court also notes that Chong Produce's motion also was improper because Chong Produce is a corporation, which must be represented by counsel, yet nonetheless was filed pro se by Andy Chong, president of Chong Produce. See L.R. 83-183(a) ("A corporation or other entity may appear only by an attorney.").

5